**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, | ) ) ) | NO.: 16-CV-10757 |
| Plaintiff, | ) ) | |
| | ) | JUDGE: |
| vs. | ) ) | |
| GREYHOUND LINES, INC., a Delaware Corporation, | ) ) ) | MAG. JUDGE: |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INSUTRY WELFARE FUND ("WELFARE FUND"), by and through its attorneys, JOHNSON & KROL, LLC complaining of the Defendant GREYHOUND LINES, INC. ("GREYHOUND LINES") and allege as follows:

**INTRODUCTION**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§1132 and 1145.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the WELFARE FUND is administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527 and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

3. The WELFARE FUND receives contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701 International Association of Machinists and Space Workers AFL-CIO of Chicago and Vicinity ("UNION") and therefore is a multi-employer plan under 29 U.S.C. §1002.

4. Pursuant to 29 U.S.C. §§1132(a)(3) and 1145, the WELFARE FUND is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

5. The UNION is the bargaining representative of some of Defendant GREYHOUND LINES employees.

6. The Defendant GREYHOUND LINES is a Delaware Corporation with its principal place of business located in Dallas, Texas.

## COUNT I
## BREACH OF CONTRACT

7. Plaintiff re-alleges and incorporates the allegations contained paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. GREYHOUND LINES is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a Collective Bargaining Agreement ("CBA") with the International Association of Machinists and Aerospace Workers (IAM&AW) ("National Master Agreements") on December 4, 2007 and again on December 9, 2013. (National Master Agreements are attached as Exhibit 1).

9. Article 1 of the National Master Agreement incorporates by reference agreements entered into by the UNION.

10. GREYHOUND LINES also entered into Participation Agreements with the WELFARE FUND on August 5, 2002 and again on August 17, 2016. (Participation Agreements are attached as Exhibit 2).

11. Through the National Master Agreements and the Participation Agreements, GREYHOUND LINES agreed to be bound by the provisions of the Agreement and Declaration of Trust which created the WELFARE FUND (hereinafter referred to as the "Trust Agreement").

12. Pursuant to the provisions of the National Master Agreement, Participation Agreement and Trust Agreement, Defendant GREYHOUND LINES is required to make monthly reports of the number of weeks worked by its bargaining unit employees and pay contributions to the WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA and provisions of the Trust Agreement, employers who fail to submit their monthly reports and contributions to the WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus interest, and any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the National Master Agreement, Trust Agreement, and Participation Agreement, the WELFARE FUND's auditor conducted a routine payroll compliance audit of GREYHOUND LINES books and records for the period of January 1, 2011 through December 31, 2012.

15. The audit revealed that GREYHOUND LINES owes an aggregate amount of $28,875.00 in contributions and liquidated damages to the WELFARE FUND. (Audit is attached as Exhibit 3).

16. As of today's date, GREYHOUND LINES has failed to pay the $28,875.00 owed to the WELFARE FUND.

17. GREYHOUND LINES failed pay it September 2016 contributions in the amount of $10,300.00.

18. GREYHOUND LINES failed to timely pay June, July and September 2016 contributions resulting in interest owed in the aggregate amount of $150.91.

19. Plaintiff has been required to employ the undersigned counsel to collect the monies that are due and owing from GREYHOUND LINES.

20. Plaintiff has complied with all conditions precedent in bringing this suit.

21. Defendant GREYHOUND LINES is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreement and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests that:

A. Judgment be entered in favor of Plaintiff and against Defendant GREYHOUND LINES in the aggregate amount of $39,325.91 itemized as follows:

   i. $28,875.00 for contributions and liquidated damages owed as revealed by the audit;

   ii. $10,300.00 for September 2016 contributions;

   iii. $150.91 in interest owed for June, July and September 2016.

B. Judgment be entered in favor of Plaintiff and against Defendant GREYHOUND LINES for any and all contributions, interest and liquidated damages that are found to be due and owing in addition to the amount referenced in Paragraphs A and B above;

C. Defendant GREYHOUND LINES be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiff have such other and further relief as the Court may deem just and equitable all at Defendant GREYHOUND LINES cost pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS'
LOCAL NO. 701 UNION AND
INDUSTRY WELFARE FUND**

By: /s/ Matthew D. Grabell – 6312929
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
300 S. Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5469
grabell@johnsonkrol.com

5